DOLLARHIDE *v.* KNIGHT.

Jan. 28, 1953

No. 38637    17 Adv. S. 7    62 So. 2d 367

*Norman C. Brewer, Jr.,* for appellant.

*Robertson Horton,* for appellee.

McGehee, C. J.

The main question involved on this appeal is whether or not the trial court was in error in granting a peremptory instruction in favor of the appellee, J. H. Knight, who was the defendant in the case. As in the case of Pongetti v. Spraggins, 215 Miss. 397, 8 Adv. S. 14, 61 So. 2d 158, the plaintiff, Roger Dollarhide, based his suit for damages to his automobile upon Chapter 200, Laws of 1948, Sec. 4876.5, Code of 1942, since the damages were caused by the presence of a drove of mules on U. S. Highway No. 51 in the nighttime, about three miles north of the City of Winona where the State Live-

stock Law was in full force and effect in Montgomery County.

It was alleged and proved by the plaintiff that at about 8:45 p. m. on August 13, 1951, when the plaintiff was approaching the City of Winona from the north and driving his automobile in a careful and lawful manner and at the proper rate of speed, he suddenly encountered the presence of the mules on the highway, ran into them, without fault on his part, and damaged his automobile to the extent of $1,236.91, representing the cost of repairing the same, and to the further extent of $500, difference in the value of the automobile before the collision and after the repairs had been made thereto.

The defendant on his part offered proof, which was wholly uncontradicted, that he had rented the pasture in which he undertook to keep the mules enclosed, and that there was a good fence consisting of four strands of wire and posts in good condition at the place where the mules got out of the pasture on the night in question; that the defendant had returned home from Greenwood that evening immediately before the accident and received a telephone call from a person who advised him that the mules were at that time getting out of the pasture by breaking the wires of the fence; that he immediately left his home, which was about two miles from the scene of the accident, and got to the broken place in the fence in time to follow the mules over the hill where they were run into by the plaintiff's automobile. There was no proof offered in rebuttal by the plaintiff to show that the posts or wires of the fence were defective in any manner. In fact, it is not shown that there was anything wrong with the posts, but that the wires were broken in two and about nineteen mules got out at that place and onto the highway; and that the defendant did not build the fence but had been renting the pasture from its owner for about thirty days and during which time none of the mules had gotten out of the enclosure.

The only difference between the instant case and that of Pongetti v. Spraggens, supra, is that in the latter case it appeared that the calf there involved could not have gotten out of the enclosure of the defendant, Spraggens, by its own efforts, and that someone other than Spraggens, and without his knowledge or consent, had evidently left the calf out of the enclosure or removed it from the enclosure. ██ █ In neither case, was it shown that the defendant had "permitted" an animal to run at large on the highway within the meaning of the statute involved. We deem it unnecessary to again discuss the meaning of this statute and the line of decisions that we followed in Pongetti v. Spraggens, supra, since the meaning of this statute was fully discussed in that case.

Suffice it to say, there is no proof in the instant case, as there was none in that case, to show that the animal or animals got on the highway through the negligence of the owner. We are therefore of the opinion that this former decision is controlling here in that a defendant in such a case is only required not to permit his livestock to run at large on the highway through any act of negligence on his part.

██ It therefore follows that the action of the trial court in granting a peremptory instruction in favor of the defendant was not erroneous, and that the case must therefore be affirmed.

Affirmed.

*Hall, Holmes, Arrington,* and *Lotterhos, JJ.,* concur.